**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHEILA HYSTER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1664 CAS |
| | ) | |
| ETHEL HEDGEMAN LYLE ACADEMY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER AWARDING ATTORNEY'S FEES**

This closed matter is before the Court on plaintiff's Motion for Attorney's Fees and Costs as a prevailing party under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), seeking attorney's fees of $30,800.00 and costs of $290.00. A default judgment was entered against defendant Ethel Hedgeman Lyle Academy on April 15, 2009 in the total amount of $150,000.00. Plaintiffs were ordered to submit documentation to support their claim for attorney's fees, and they did so on May 15, 2009.

**Discussion**

Under 42 U.S.C. § 2000e-5(k), prevailing parties in Title VII actions are entitled, at the district court's discretion, to attorney's fees. St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters Local 73 v. City of St. Louis, Mo., 96 F.3d 323, 330 (8th Cir. 1996). "[A] prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 417 (1978). In civil rights cases, the starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S.

424, 433 (1983). As a general proposition, a reasonable hourly rate is one that corresponds to the prevailing market rates in the relevant community. Blum v. Stenson, 465 U.S. 886, 895 (1984). The party seeking fees must submit evidence to support the hours worked and the rate claimed.

The Court has broad discretion in determining the amount of a reasonable attorney's fee. Hensley, 461 U.S. at 437. The Court is obligated to provide a "concise but clear explanation" of its reasons for a fee award. McCurry v. Tesch, 824 F.2d 638, 642 (8th Cir. 1987). In determining the amount of fees, the Court is to consider twelve factors:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley, 461 U.S. at 430 n.3; Winter v. Cerro Gordo County Conservation Bd., 925 F.2d 1069, 1074 n.8 (8th Cir. 1991). The Court starts its calculation with the "lodestar," the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433; H.J. Inc. v. Flygt Corp., 925 F.2d 257, 259-60 (8th Cir. 1991). The foregoing factors are subsumed within the lodestar. Attorney hours which were not "reasonably expended," i.e., that are excessive, redundant or otherwise unnecessary, are to be excluded from the lodestar. Id. at 434. Once the initial product of reasonable hours times a reasonable rate is obtained, a court may adjust the fee upward or downward.

In this case, plaintiffs seek a fee award based on hourly charges of $275.00 by their attorney Anthony D. Gray for 112 hours of work. Plaintiffs have not provided any information as to whether

2

this was a fixed or contingent fee or whether this is Mr. Gray's normal hourly rate, and do not submit any evidence to support their conclusory assertions concerning the prevailing local rate for employment discrimination attorneys. The Court finds this hourly rate should be reduced, based on four of the factors enumerated in Hensley: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; and (8) the amount involved and the results obtained.

Plaintiffs obtained a default judgment. Counsel was therefore required to represent plaintiffs before the EEOC,[1] prepare and file the one-count Complaint, obtain service on the defendant, prepare motions for entry of default and default judgment, appear at an evidentiary hearing on the motion for default judgment, and submit the instant fee application. There are only twenty-five docket entries in the entire record of this case. The legal questions presented were neither novel or difficult, and as discussed below, extensive expertise in the field of employment discrimination law was not requisite for this case. The Court notes that approximately twenty percent of the attorney time expended, representing more than half of the time entries, was for conversations, primarily with the plaintiffs.[2] Finally, although plaintiffs sought default judgment of $300,000.00 each for compensatory damages together with punitive damages, plaintiffs were not able to establish that defendant had the requisite number of employees to obtain such damages under the statutory caps applicable to Title VII, 42 U.S.C. § 1981a(b)(3)(D). The Court awarded each plaintiff $50,000.00, the maximum damages

---

[1]The Court notes that a portion of the attorney's fees plaintiffs claim is for work performed before the EEOC prior to the filing of this action. Fees attributable to plaintiffs' EEOC proceedings are properly allowable under New York Gaslight Club, Inc. v. Carey, 447 U.S. 54 (1980), and Horacek v. Thone, 710 F.2d 496, 499 (8th Cir. 1983).

[2]These entries begin with the letters "Sw," which stand for "spoke with."

available against a defendant employer with less than 100 employees. See 42 U.S.C. § 1981a(b)(3)(A). For these reasons, the Court concludes that an hourly fee of $250.00 is appropriate.

The Court now examines the reasonableness of the hours expended as shown in the documentation submitted in support of the fee request. The Court notes that the summary of hours billed is conclusory and provides little insight into the work performed. The complaint in this case was filed on October 29, 2008, and default judgment was entered on April 15, 2009, less than six months later. Mr. Gray billed a total of 112 hours. This is a fairly large number of hours for a relatively short time period in a default case that was not complex. Some of the hours can be explained by counsel's duplicate meetings or conversations with each of the three plaintiffs concerning various developments in the case.

Upon careful review of the billing records, the Court finds that a portion of the time billed is a bit excessive. For example, counsel billed three hours to draft the Complaint, which is reasonable for a five-page, one-count complaint but, for example, billed three and one-half hours to prepare a motion for extension of time to seek default (1/6/09); six hours to prepare a two-page motion for clerk's entry of default (1/7/09); four hours to research and prepare an affidavit for the special process server concerning service (1/10/09); one and one-half hours to redact and refile exhibits which had been improperly filed containing personal identifiers (2/12/09); and two hours to prepare and file a two-page motion for extension of time to file documents in support of the attorney's fee application (5/6/09). Counsel also billed over three hours for speaking with the plaintiffs "about seeking default" (1/14/09), and "about Clerk seeking clarification on service" (1/9/09). The Court will disallow ten hours of attorney time for excessive billing.

In addition, counsel's bill appears somewhat excessive for the electronic filing of pleadings, charging a half hour of attorney time for the electronic filing of the proof of service (11/15/08 and 11/18/08), a proposed order (3/25/09), and the motion for attorney's fees (5/19/09). Mr. Gray also billed one and one-half hours to electronically file the Complaint. The Court will disallow two hours of attorney time for electronic filing.

Therefore, the Court will award plaintiffs their attorney's fees, reduced by twelve hours to 100 hours, at the rate of $250.00 per hour, for a total award of $25,000.00. Plaintiffs are entitled to out-of-pocket expenses for filing fees of $350.00[3] and service fees of $40.00.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Attorney's Fees and Costs is **GRANTED** to the extent that plaintiffs are awarded attorney's fees in the amount of Twenty Five Thousand Dollars ($25,000.00), and Three Hundred Ninety Dollars ($390.00) in costs.

**IT IS FURTHER ORDERED** that the Judgment entered in this matter on April 15, 2009 is **modified** to the extent that plaintiffs shall also have judgment against defendant Ethel Hedgeman

---

[3]Plaintiffs' motion sought reimbursement of a filing fee in the amount of $250.00, but the filing fee at the time this case was filed was $350.00.

Lyle Academy for attorney's fees in the amount of Twenty Five Thousand Dollars ($25,000.00), and costs of Three Hundred Ninety Dollars ($390.00).

                                                                                        **CHARLES A. SHAW**
                                                                                        **UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of June, 2009.