**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JARVIS NUNLEY, BARBARA SIMPSON, and SHEILA HYSTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:08-CV-1664 CAS |
| ETHEL HEDGEMAN LYLE ACADEMY, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Ethel Hedgeman Lyle Academy's ("defendant" or "the Academy") motion to stay garnishment and any further execution of judgment. In its motion, defendant seeks to stay the garnishment proceedings executed by U.S. Bancorp a/k/a U.S. Bank and any further execution of the judgment pending the Court's ruling on defendant's motion to set aside default judgment, which defendant filed simultaneously with the instant motion. Plaintiffs filed a response titled as an opposition to both motions; however, plaintiffs do not specifically oppose the stay of proceedings.

**Background**

On April 15, 2009, the Court entered an order granting plaintiffs default judgment in the amount of $150,000. On June 29, 2009, the Court entered an award of attorneys' fees and costs against defendant in the amount of $25,390.00. Plaintiffs have sought to enforce this judgment, and writs of garnishment have been issued upon the assets of defendant.

On December 16, 2009, defendant filed a motion pursuant to Rule 60(b)(1) to set aside the default judgment for mistake, inadvertence, surprise, or excusable neglect. Defendant claims that it

was not made aware of this litigation prior to receiving notice on December 14, 2009 from its bank, U.S. Bank, that defendant's operating fund was going to be garnished. Defendant moves simultaneously to stay the proceedings pending the disposition of its Rule 60 motion.

**Discussion**

A motion to stay proceedings to enforce a judgment pending disposition of a motion is governed by Rule 62(b)(4), which provides that "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or proceedings to enforce it—pending disposition of [a motion] under Rule 60, for relief from a judgment or order." Fed. R. Civ. P. 62(b)(4). The decision to grant the stay is within the court's discretion and the court may require the requesting party to provide security pending the outcome of the motion. See 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 62.04 (3d ed. 2009); see also Peacock v. Thomas, 516 U.S. 349, 359 n.8 (1996).

Defendant seeks to stay the execution of the garnishment proceedings until the Court enters a ruling on its motion to set aside default judgment. Defendant is prepared to obtain a bond in the amount of $175,390.00 for plaintiffs' security during the pendency of the stay. If a stay is not entered, defendant states it will be unable to fulfill its contractual obligations (i.e., paying salaries and benefits) to the faculty and staff employed by the Academy, and "in all likelihood [will] cease to function as an Academy." If the Academy is shut down, defendant states that its students, labeled at-risk students, might stop attending and end their pursuit of an education. Plaintiffs state that nothing less than a bond in the amount of $233,283.15 would be adequate, which they calculate by compounding interest ($230.64 per day, totaling $57,893.15).

The Court has considered the motion and memorandum in opposition thereto filed by plaintiffs as well as the affidavits filed by defendant and the supplemental memoranda filed by the parties, and concludes in the exercise of its discretion that execution of the judgment should be stayed pending resolution of defendant's motion to set aside default judgment.

**IT IS HEREBY ORDERED** that defendant Ethel Hedgeman Lyle Academy's motion to stay garnishment and any further execution of judgment is **GRANTED**. [Doc. 44]

**IT IS FURTHER ORDERED** that execution and levy of the Judgment entered in this case is **STAYED** pursuant to Federal Rule of Civil Procedure 62(b), upon defendant's filing by February 22, 2010, of a bond in the amount of One Hundred Seventy-Five Thousand, Three Hundred Ninety Dollars ($175,390.00), executed by a good and sufficient surety approved in advance by the Clerk of Court, and in a form acceptable to the Clerk.

**IT IS FURTHER ORDERED** that if defendant fails to comply fully with this order by February 22, 2010, the stay of execution will be automatically lifted without further order of the Court, and plaintiffs will be free to execute upon the judgment.

**IT IS FURTHER ORDERED** that defendant's motion for expedited hearing on defendant's motion to stay garnishment is **DENIED as moot**. [Doc. 47]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __8th__ day of February, 2010.