UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JARVIS NUNLEY, BARBARA SIMPSON, and SHEILA HYSTER,<br><br>        Plaintiffs,<br><br>   v.<br><br>ETHEL HEDGEMAN LYLE ACADEMY and IMAGINE SCHOOLS,<br><br>        Defendants. | No. 4:08-CV-1664 CAS |

## ORDER

This matter is before the Court on defendant Imagine Schools' ("Imagine") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In its motion, Imagine argues plaintiffs' suit is untimely because plaintiffs did not name Imagine as a defendant within the ninety-day period after plaintiffs' receipt of the EEOC's Notice of Right to Sue. After briefing on the motion had closed, plaintiffs filed a "Notice of Recent Supreme Court Decision," stating that a recent decision by the United States Supreme Court, Krupski v. Costa Crociere S.p.A., 130 S. Ct. 2485 (2010), "disposes of Imagine's motion to dismiss." Plaintiffs did not brief the decision. In response, defendant Imagine filed a memorandum arguing that the "relation back" issue raised by Krupski is not properly before the Court, but assuming *arguendo* that it was, the Amended Complaint does not relate back to the date of the original Complaint.

Based on its review of Imagine's motion to dismiss, the Krupski decision, and Imagine's response to the Krupski decision, the Court finds the resolution of the motion to dismiss requires the Court to determine whether the amendment of plaintiff's Complaint to add defendant Imagine relates back to the date of the filing of the original Complaint. See Fed. R. Civ. P. 15(c)(1)(C). In Krupski,

the Supreme Court held that resolution of the relation-back issue depends on whether the party to be added (Imagine) knew or should have known that, absent some mistake, the action would have been brought against it. Krupski, 130 S. Ct. at 2494 ("The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him."). Additionally, Rule 15(c)(1)(C)(i) requires Imagine to have received notice of the action within the 120-day period provided by Rule 4(m).

To determine the relevant "relation back" factors under Rule 15(c)(1)(C), the Court finds it necessary to consider material outside the scope of the pleadings. Under Federal Rule of Civil Procedure 12(b), a motion to dismiss for failure to state a claim upon which relief can be granted "shall be treated as one for summary judgment if matters outside the pleadings are presented to and considered by the court." Inland Container Corp. v. Continental Ins. Co., 726 F.2d 400, 401 (8th Cir. 1984). Generally, however, the parties are "entitled to notice that [the] conversion is occurring." Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000). See also Horsehoe Entm't, L.P. v. General Elec. Capital Corp., 900 F. Supp. 737, 740 (E.D. Mo. 1997) ("[w]hen matters outside the pleadings are presented on a motion to dismiss, a court may either treat the motion as one to dismiss and exclude the matters outside the pleadings, or treat the motion as one for summary judgment and provide the parties with notice and an opportunity to provide further materials") (citing Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992)).

Under the authority of Federal Rule of Civil Procedure 12(b), the Court will treat defendant's motion to dismiss for failure to state a claim, which was filed pursuant to Rule 12(b)(6), as a motion for summary judgment under Rule 56. The parties have not supplied sufficient material in support of and in opposition to the motion to dismiss for the Court to decide (1) when Imagine received

notice of this action, and (2) whether Imagine knew or should have known that, absent some mistake, the action would have been brought against it. Therefore the parties will be given a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Imagine Schools' motion to dismiss is converted to a motion for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. [Doc. 81]

**IT IS FURTHER ORDERED** that defendant Imagine Schools shall have twenty-one (21) days to file supplemental materials, including a statement of undisputed material facts as required by Local Rule 4.01(E). Plaintiffs shall have fourteen (14) days to file a response thereto, including any supplemental materials and a response to defendant's statement of material facts as required by Local Rule 4.01(E). Defendant Imagine Schools shall have seven (7) days to file its reply.

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __31st__ day of August, 2010.