# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JARVIS NUNLEY, BARBARA SIMPSON, and SHEILA HYSTER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:08-CV-1664 CAS ) ) |
| ETHEL HEDGEMAN LYLE ACADEMY and IMAGINE SCHOOLS, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Imagine Schools' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Court converted to a motion for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiffs oppose the motion, and it is fully briefed. For the following reasons, the Court will deny the motion.

## Background

On October 29, 2008, plaintiffs Sheila Hyster, Jarvis Nunley, and Barbara Simpson filed this action, naming only one defendant, Ethel Hedgeman Lyle Academy (the "Academy"). Plaintiffs alleged the Academy allowed them to be subjected to a sexually hostile work environment and to be retaliated against, in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

In their complaint, plaintiffs alleged they were former female employees of the Academy who worked at its educational facility at 706 North Jefferson in St. Louis, Missouri, as security guards and office administrative personnel. Plaintiffs alleged the Academy allowed Dr. Mark Harrison, former Executive Director of the Academy, to subject each plaintiff to a sexually hostile work environment by, among other things, repeatedly requesting sexual favors, touching their

breasts, placing his hands on their buttocks, touching plaintiff Simpson's vagina, and calling plaintiffs' cell phones to request sexual favors and make lewd sexual comments. Plaintiffs also alleged Dr. Harrison retaliated against them for complaining about his sexual harassment by (1) threatening to place plaintiff Nunley on probation if she did not accede to his repeated demands for oral sex; (2) orchestrating the firing of plaintiff Simpson after she allegedly made a mistake related to employee paperwork; and (3) unilaterally changing plaintiff Hyster's work schedule so that she would be present on the weekend, when he attempted to sexually harass her.

The Academy never entered an appearance and never responded to the complaint. On April 15, 2009, after a hearing on damages, the Court entered default judgment against the Academy in the amount of $150,000.00, the statutory maximum under 42 U.S.C. § 1981a(b). After a Writ of Garnishment had been issued upon its assets, the Academy entered its appearance and moved the Court to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). In support of the motion, the Academy stated that it had no knowledge of the action and failed to participate because its former management company, Imagine Schools, "either purposefully or neglectfully, fail[ed] to inform the Academy of the Complaint or provide [the] Academy with a defense counsel." Def. Academy's Mem. in Supp. of Mot. to Set Aside Default J. at 6 [Doc. 46].

During briefing on the Academy's motion to set aside the default judgment, it came to light that the Academy did not employ plaintiffs or Dr. Harrison. In fact, none of the employees working at the Academy during the relevant time frame were employed by the Academy. All employees, including plaintiffs and Dr. Harrison, were employed by the Academy's management company,

Imagine Schools.[1]  Imagine Schools had provided legal representation to the Academy during plaintiffs' EEOC proceedings.  Unbeknownst to the Academy, Imagine Schools stopped representing the Academy on July 1, 2008 when the Academy terminated Imagine Schools' management contract.  According to the Academy, nobody at the Academy had knowledge of this action until a Writ of Garnishment was issued on its assets in December 2009.

On March 29, 2010, the Court set aside the default judgment, finding that the Academy's default resulted from a misunderstanding with Imagine Schools regarding the Academy's legal representation, a lapse in communication with Imagine Schools, or a failure of the Academy's employees to appreciate the significance of service of process.  On April 11, 2010, less than two weeks after the Court set aside the default judgment, plaintiffs amended the complaint to add defendant Imagine Schools ("Imagine").

In response to the amended complaint, Imagine filed the instant motion to dismiss.  In its motion, Imagine argues plaintiffs' suit is untimely because plaintiffs did not name Imagine as a defendant within the ninety-day period after plaintiffs' receipt of the EEOC's Notice of Right to Sue.  Based on its review of Imagine's motion to dismiss and the recent Supreme Court decision <u>Krupski v. Costa Crociere S.p.A.</u>, 130 S. Ct. 2485 (2010), the Court found the resolution of the motion to dismiss required the Court to determine whether the amendment of plaintiffs' complaint to add defendant Imagine relates back to the date of the filing of the original complaint.  <u>See</u> Fed. R. Civ. P. 15(c)(1)(C).  To determine the relevant "relation back" factors under Rule 15(c)(1)(C), the Court found it necessary to consider material outside the scope of the pleadings.  Under the authority of

---

[1] This fact was confirmed subsequently by Imagine Schools.  <u>See</u> Def. Imagine's Mem. in Supp. of Mot. to Dismiss at 2, 4 [Doc. 82].

Federal Rule of Civil Procedure 12(b), the Court informed the parties that it would treat Imagine's motion to dismiss for failure to state a claim, which was filed pursuant to Rule 12(b)(6), as a motion for summary judgment under Rule 56. Because the parties had not supplied sufficient material for the Court to decide when Imagine received notice of this action, and whether Imagine knew or should have known that, absent some mistake, the action would have been brought against it, the Court ordered additional briefing. The matter is now fully briefed and before the Court.

## II.     **Legal Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999). The non-moving party

"must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

In reviewing a motion for summary judgment, this Court is required to view the facts in a light most favorable to the non-moving party and to give the non-moving party the benefit of any inferences that can logically be drawn from those facts. Matsushita, 475 U.S. at 587; Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). Moreover, this Court is required to resolve all conflicts in favor of the non-moving party. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976).

### III.    Discussion

Federal Rule of Civil Procedure 15(c) governs the relation back of amendments, and states in pertinent part:

> (1)    ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
> . . .
> >    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

>     (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>     (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The parties do not contest that the requirements of Rule 15(c)(1)(B) have been satisfied, and therefore the amended complaint adding defendant Imagine will relate back to the date of the filing of the original complaint if: (A) Imagine received notice of the action within the 120-day period provided by Rule 4(m); and (B) Imagine knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*(A)* *Imagine's Notice of This Action*

In its opening brief, Imagine argued that it did not receive notice of the action within 120 days after the complaint was filed as provided by Rule 4(m). Specifically, Imagine stated: "During this 120-day time period, Imagine was not served with a summons and therefore had no notice that a lawsuit had been filed in which Imagine might have been named as a defendant." Def. Imagine's Resp. to Ct. Order at 2 [Doc. 91]. Plaintiffs respond by referring to a letter they received 70 days after this action was filed from Imagine's counsel, Ms. Jovita Foster, the same counsel currently representing Imagine in this action. In the letter, Ms. Foster specifically references this case by name and cause number, clearly establishing she had knowledge of this suit. See Pls.' Resp. in Opp'n at 3-4 [Doc. 93].

In addition to contacting Imagine's outside counsel, Ms. Foster, regarding the filing of this action within the 120-day time period, plaintiffs' counsel also contacted Dennis Bakke, President

and CEO of Imagine. Mr. Bakke's office directed plaintiffs' counsel to Mr. Ed Hayes, Deputy Counsel for Imagine Schools. Plaintiffs' counsel spoke with Mr. Hayes directly, and sent Mr. Hayes a copy of the complaint—all within the 120-day time period required by Rule 4(m). See Pls.' Resp. in Opp'n at 4 [Doc. 93]; Gray Aff. at ¶¶ 12-15 [Doc. 93-2].

Undeniably, Imagine had notice of this action within the time period required by Rule 15(c)(1)(C). In fact, this issue had been addressed previously in plaintiffs' motion for clerk's entry of default. The letter from Ms. Foster acknowledging the filing of this case and the affidavit of plaintiffs' counsel detailing his contact with Imagine's Deputy Counsel has been known to the Court and has existed in the record since January 12, 2009. See Pls.' Mot. to Extend Time to File an Entry of Default at ¶ 5 and Exs. 1 and 2 [Doc. 6]. Not only did Imagine have notice of this action within the 120 days, but the Court had notice within the 120 days that Imagine had notice of this action. Why Imagine Schools argued in its opening memorandum that it did not have notice of this action is unclear, but, be it intentional misrepresentation or mere inadvertence, Imagine does not controvert this fact in its reply. See Def. Imagine's Reply to Pls.' Resp. to Imagine's SOF, ¶¶ 24-25 [Doc. 96].

> *(B)* *Imagine Knew or Should Have Known That the Action Would Have Been Brought Against It, But for a Mistake Concerning the Proper Party's Identity*

The final condition of Rule 15(c) requires the plaintiff to show that within the Rule 4(m) period, the newly named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." The Supreme Court's recent decision, Krupski v. Costa Crociere S.p.A., 130 S. Ct. 2485 (2010), directly addresses this requirement of Rule 15(c). In Krupski, the Supreme Court held that relation back under Rule 15(c)(1)(C) "depends on what the party to be added knew or should have known, not on the

amending party's knowledge or its timeliness in seeking to amend the pleading." Id. at 2490. The only question under Rule 15(c)(1)(C)(ii), then, is whether Imagine knew or should have known that, absent some mistake, the action would have been brought against it. Id. at 2494.

Applying the principles of Krupski to the facts of this case, it is clear that the amended complaint naming defendant Imagine relates back under Rule 15(c)(1)(C)(ii). Imagine had received notice of this action both through plaintiffs' counsel's direct contact with its outside counsel, Ms. Foster, and direct contact with its in-house counsel, Mr. Hayes. At least one of these individuals, and likely both, had a copy of the complaint. See Gray Aff. at ¶ 16 [Doc. 93-2]. A cursory review of the complaint reveals that plaintiffs meant to sue their employer and the employer of Dr. Mark Harrison, the Executive Director of the Academy. Plaintiffs allege, among other things, that "defendant has engaged in unlawful employment practices . . . .," "Plaintiffs are/were female employees of defendant . . . .," "The effect of the practices complained of . . . has been to. . . adversely affect [plaintiffs'] status as employees of defendant . . . .," and "The unlawful employment practices . . . were done by defendant's agent . . . while employed by defendant." See Compl. at ¶¶ 8-9. The complaint describes the alleged unlawful activity of plaintiffs' and Dr. Harrison's employer. Imagine knew that it, and *not* the Academy, was the employer of plaintiffs and Dr. Harrison. Based on the face of the complaint alone, the Court finds that Imagine should have known, within the Rule 4(m) period, that it was not named as a defendant only because of plaintiffs' mistake about which entity employed plaintiffs and Dr. Harrison—"clearly a 'mistake concerning the proper party's identity.'" Krupski, 130 S. Ct. at 2497 (finding, based on the

complaint, plaintiff did not name the proper defendant because of misunderstanding about which entity was in charge of the ship).[2]

Imagine's expectation that plaintiffs mistakenly named the wrong party should have been heightened because of the interrelationship between the parties.[3] See, e.g., Krupski, 130 S. Ct. at 2498 ("[T]his interrelationship and similarity [between Costa Cruise and Costa Crociere] heighten the expectation that Costa Crociere should suspect a mistake has been made when Costa Cruise is named in a complaint that actually describes Costa Crociere's activities."). During the relevant time period, the Academy was managed by Imagine. Imagine was responsible for conducting all the operations for the Academy, including coordination of legal matters. During the EEOC investigation, Imagine retained counsel to defend the Academy against the charge of discrimination. This interrelationship between the two entities, including their joint legal representation, likely contributed to plaintiffs' counsel's misunderstanding regarding the proper party's identity. See Gray Aff., ¶ 5 [Doc. 93-2]. What is unmistakable to the Court, and either was or should have been unmistakable to Imagine after reviewing the complaint, is that plaintiffs intended to sue their employer.

Imagine defends itself by attempting to analogize its situation to that of the defendant in Nelson v. Adams USA, Inc., 529 U.S. 460 (2000). The Supreme Court discussed and distinguished the Nelson case in Krupski. Krupski, 130 S. Ct. at 2495-96. In Nelson, Adams USA, Inc. had

---

[2]Although plaintiffs' conduct is relevant only if it bears on *defendant's* understanding of whether plaintiffs made a mistake regarding the proper party's identity, see Krupski, 130 S. Ct. 2494-95, plaintiffs' counsel apparently thought Imagine was the parent company of the Academy. See Gray Aff. ¶ 5 [Doc. 6-2]; Gray Aff. ¶ 5 [Doc. 93-2].

[3]This analysis is informed by the briefing and the evidentiary hearing conducted prior to the Court's ruling on the Academy's motion to set aside the default judgment.

obtained an award of attorneys' fees against Donald Nelson's corporation. After Adams became concerned that the corporation would be unable to pay the award, Adams sought to amend its pleading to add Mr. Nelson as a party and filed a motion to amend the judgment to hold Mr. Nelson responsible. The Supreme Court explained that the relation back doctrine was not applicable because there was no mistake concerning the proper party's identity as required by Rule 15(c). "Respondent Adams made no such mistake. It knew of Nelson's role and existence and, until it moved to amend its pleading, chose to assert its claim for costs and fees only against [Nelson's company]." Krupski, 130 S. Ct. at 2495 (quoting Nelson, 529 U.S. at 467, n.1).

Unlike Nelson, in which there was nothing in the initial pleading to suggest that Donald Nelson was the intended party, here the initial complaint makes clear that the intended party is the entity that employed plaintiffs and Dr. Harrison. See Compl. at ¶¶ 9-12. Moreover, unlike Nelson, in which the plaintiff sought to add Donald Nelson only after learning his company was unable to satisfy the judgment, here plaintiffs moved to add Imagine after it came to light during the proceedings to set aside the default judgment that the Academy did not employ plaintiffs and Dr. Harrison. That is, after plaintiffs discovered they had sued the wrong entity.

Imagine points to an exchange between plaintiffs' attorney and the Court during the hearing on plaintiffs' motion for default judgment as evidence that plaintiffs' failure to name Imagine in the original complaint was the result of a fully informed decision, as opposed to a mistake. See Def. Imagine's Resp. to Ct. Order at 5-6 [Doc. 91]. To the extent plaintiffs' conduct is relevant under Krupski, it is only relevant "if it bears on the *defendant's* understanding of whether the plaintiff made a mistake regarding the proper party's identity." Id. at 2494-95 (emphasis added). The exchange between the Court and plaintiffs' counsel could not have informed defendant's

understanding of whether plaintiffs made a mistake regarding the proper party, because the exchange occurred nearly three months after Imagine received notice and a copy of the complaint. In fact, the transcript of the hearing was not available until after Imagine had already been named as a defendant and had already been served with the amended complaint. In any event, the exchange evidences plaintiffs' counsel's confusion regarding the interrelationship between the Academy and Imagine. It is clear from the exchange that plaintiffs' counsel did not understand the legal relationship between the Academy and Imagine. In fact, from very early in the case plaintiffs' counsel referred to Imagine as the parent company of the Academy. See Gray Aff. at ¶ 5 [Doc. 6-2]; see also Pls.' Resp. in Opp'n at 7 [Doc. 93] ("It is clear throughout this discussion with the Court and at other phases of this litigation, plaintiffs believed, and still believe, that Imagine and [the Academy] are so intertwined in corporate interests and contractual fiduciaries that a suit against one is tantamount to a suit against the other.").

In light of these facts, Imagine should have known that plaintiffs' failure to name it as a defendant in their original complaint was due to a mistake concerning the proper party's identity. The Court therefore finds that the filing of the amended complaint relates back to the date of the filing of the original complaint. The original complaint was filed on October 29, 2008, within ninety days after plaintiffs' receipt of the EEOC's Notice of Right to Sue. Defendant Imagine's motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss, which has been converted to a motion for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, is **DENIED**. [Doc. 81]

                                                          /s/ Charles A. Shaw  
                                                        **CHARLES A. SHAW**  
                                                        **UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of October, 2010.