# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JARVIS NUNLEY, BARBARA SIMPSON, and SHEILA HYSTER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:08-CV-1664 CAS ) ) |
| ETHEL HEDGEMAN LYLE ACADEMY and IMAGINE SCHOOLS, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Imagine Schools' ("Imagine") motion for certification under 28 U.S.C. § 1292(b). The motion is directed to the Court's Memorandum and Order dated October 27, 2010, which denied Imagine's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Court had converted into a motion for summary judgment.

Section 1292(b) provides for immediate appellate review of interlocutory orders:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

The Court concludes that Imagine's proposed appeal does not present a controlling question of law as to which there is substantial ground for difference of opinion within the meaning of the statute. Imagine argues that plaintiffs could not have mistaken the proper party's identity, because plaintiffs correctly named Imagine and Ethel Hedgeman Lyle Academy as respondents in their amended charge of discrimination filed with the EEOC. Imagine also argues that plaintiffs' EEOC

Notice of Right to Sue identified Imagine as a respondent. Imagine's argument, much like its original motion to dismiss, incorrectly focuses on plaintiffs' knowledge and conduct, and not what Imagine knew or should have known. This is not the proper inquiry under controlling Supreme Court precedent. See Krupski v. Costa Crociere, S.p.A., 130 S. Ct. 2485 (2010). The proper inquiry is not whether plaintiffs knew or should have known the identity of Imagine as the proper defendant, but whether Imagine knew or should have known that it would have been named as a defendant but for an error. Id. at 2493. "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." Id. (emphasis in original). Imagine's motion for certification under 28 U.S.C. § 1292(b) will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Imagine Schools' motion for certification under 28 U.S.C. § 1292(b) is **DENIED**. [Doc. 102]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of November, 2010.