# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JARVIS NUNLEY, BARBARA SIMPSON, and SHEILA HYSTER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:08-CV-1664 CAS ) ) |
| ETHEL HEDGEMAN LYLE ACADEMY and IMAGINE SCHOOLS, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Imagine Schools' ("Imagine") motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Plaintiffs oppose the motion, and defendant has filed a reply. For the following reasons, defendant's motion will be granted.

**Background**

In their second amended complaint, plaintiffs allege that they were each sexually harassed and retaliated against in violation of Title VII of the Civil Rights Act of 1964. Plaintiffs allege they were former female employees of defendant who worked at Ethel Hedgeman Lyle Academy at 706 North Jefferson in St. Louis, Missouri, as security guards and office administrative personnel. Plaintiffs allege the defendant allowed Dr. Mark Harrison, former Executive Director of the Academy, to subject each plaintiff to a sexually hostile work environment by, among other things, repeatedly requesting sexual favors, touching their breasts, placing his hands on their buttocks,

---

[1] Defendant's motion to dismiss is directed to Count II as brought by plaintiffs Jarvis Nunley and Sheila Hyster. It does not seek to dismiss Count I or Count II as brought by plaintiff Barbara Simpson. As such, the Court will construe it as a motion for partial dismissal.

touching plaintiff Simpson's vagina, and calling plaintiffs' cell phones to request sexual favors and make lewd sexual comments. Plaintiffs also allege Dr. Harrison retaliated against them for complaining about his sexual harassment by (1) threatening to place plaintiff Nunley on probation if she did not accede to his repeated demands for oral sex; (2) orchestrating the firing of plaintiff Simpson after she allegedly made a mistake related to employee paperwork; and (3) unilaterally changing plaintiff Hyster's work schedule so that she would be present on the weekend, when he attempted to sexually harass her.

Defendant has filed a motion to dismiss plaintiff Nunley and plaintiff Hyster's claims of retaliation for failure to exhaust their administrative remedies. Specifically, defendant states that neither plaintiffs Nunley or Hyster made any allegations of retaliation before the Equal Employment Opportunity Commission ("EEOC") in their EEOC charges and amended charges of discrimination.

**Legal Standard**

Defendant brings its motion pursuant to Federal Rule of Civil Procedure 12(b)(1), stating the Court lacks subject matter jurisdiction over claims where a plaintiff has failed to exhaust administrative remedies. The standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1). See Titus v. Sullivan, 4 F.3d 590, 593 & n.1 (8th Cir. 1993); Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir. 1980). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A court has authority

to consider matters outside the pleadings for purposes of deciding a motion to dismiss for lack of subject matter jurisdiction. Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) (citing Osborn v. United States, 918 F.2d 724, 728 n.4 (8th Cir. 1990)). This does not convert the Rule 12(b)(1) motion into one for summary judgment. Id.

**Discussion**

Title VII requires claimants to timely file a discrimination charge with the EEOC before he or she may bring a Title VII action in court. 42 U.S.C. § 2000e-5(e)(1). As the Eighth Circuit has recognized, "'[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'" Duncan v. Delta Consolidated Indus., Inc., 371 F.3d 1020, 1024 (8th Cir. 2004) (quoting Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996)). Although the Eighth Circuit does not require that subsequently-filed lawsuits mirror the administrative charges, "the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." Id. at 1025 (internal quotations and citations omitted). "To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint must be construed liberally in order to further the remedial purposes of applicable legislation." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002).

*Plaintiff Jarvis Nunley*

Ms. Nunley filed a discrimination charge with the EEOC on August 25, 2006, using the standard EEOC charge form. The form instructs complainants to check the appropriate boxes for

the alleged cause of discrimination. Ms. Nunley checked the box for "sex." On June 22, 2007, Ms. Nunley filed an amended discrimination charge to add Imagine Schools as an employer, and again she checked the box for discrimination based on "sex." Although a box is provided on the form for "retaliation," Ms. Nunley did not check this box on either her original charge or her amended charge of discrimination.

In the space provided for "particulars," Ms. Nunley described the allegedly discriminatory conduct:

> I. I was hired by to [sic] work as a Safety Officer at Ethel Hedgeman Lyle Academy on October 4, 2005. Dr. Mark Harrison was the Director and Principal of the school. Starting in December 2005, I began to be sexually harassed by Dr. Harrison. He made comments about the size of my breasts, asked me to perform oral sex, rubbed his genitals and on another occasion he exposed himself to me. I informed Dr. Harrison that I did not appreciate his behavior and asked him to keep our interactions on a professional level. I informed Mr. Precious Murby, Director of Security, of this behavior and also Mr. Sam Howard, Director. Mr. Howard stated that he would inform Mr. Dennis Bockmann, the owner of the schools. In June 2006 I learned that Dr. Harrison had been terminated from his position.
>
> II. In June 2006 I spoke again with Mr. Howard and he informed me that nothing further could be done as Dr. Harrison was no longer employed by the school.
>
> III. I believe that I have discriminated against [sic] by being sexually harassed in violation of Title VII of the Civil Rights Act of 1964, as amended.

Def. Mem., Exs. A and B.[2]

In the second amended complaint, plaintiffs bring Count II for retaliation in violation of Title VII. Plaintiffs state that "defendant's subsequent conduct after plaintiffs rebuffed and/or complained about the aforementioned harassment was in violation of Title VII's prohibition against retaliation."

---

[2] Other than changing her employment date, the "particulars" on the amended charge of discrimination are identical to the original charge of discrimination.

Second Am. Compl. ¶ 17.  The question before the Court is whether the allegations in the second amended complaint that plaintiff Nunley was retaliated against after complaining about the alleged harassment are like or reasonably related to the substance of the allegations in her charge of discrimination.  The Court finds that plaintiff clearly does not assert in her charge of discrimination that she was ever retaliated against.  Not only did she fail to check the box for "retaliation," but she alleges no conduct taken against her by defendant that was materially adverse.  In fact, she states that she complained of the alleged harassment, and later learned that Dr. Harrison had been terminated from his employment.  See, e.g., Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (noting that plaintiff's EEOC charge left the "race" box empty and failed to "allege any facts in the narrative section of her charge which raise the issue of race discrimination"); Duncan v. Delta Consolidated Indus., Inc., 371 F.3d 1020, 1025 (8th Cir. 2004) (noting plaintiff's EEOC charge left the "sex" box empty and "charges of sexual harassment generally are not like or reasonably related to retaliation charges for complaining about antecedent harassment").  Plaintiff Nunley did not exhaust her administrative remedies with respect to her claim of retaliation.  Accordingly, plaintiff Nunley has failed to state a claim upon which relief can be granted in Count II of her second amended complaint.

*Plaintiff Sheila Hyster*

Ms. Hyster filed a discrimination charge with the EEOC on September 25, 2006.  Like Ms. Nunley, Ms. Hyster also used the standard EEOC charge form.  When asked what her charge of discrimination was based upon, Ms. Hyster checked the box for "sex."  On June 23, 2007, Ms. Hyster filed an amended discrimination charge to add Imagine Schools as an employer, and again she checked the box for discrimination based on "sex."  Although a box is provided on the form for

"retaliation," Ms. Hyster did not check this box on either her original charge or her amended charge of discrimination.

In the space provided for "particulars," Ms. Hyster described the allegedly discriminatory conduct:

> I.  I was hired by Ethel Hedgeman Lyle Academy as a Safety Officer in August 2005. Dr. Mark Harrison was the Director of the school. Starting in October 2005, I began to be sexually harassed by Dr. Harrison. Dr. Harrison would frequently ask me to have sex with him or try to get me to go into a room alone with him. He would also try to touch me. I made it clear to Dr. Harrison that his behavior was not appropriate and that I was not interested.
>
> II. Dr. Harrison would tell me that the only way I kept my job was because of him.
>
> III. I believe that I have been discriminated against by being sexually harassed, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Def. Mem., Exs. C and D.

Again, the question before the Court is whether plaintiff Hyster's allegations in the second amended complaint that she was retaliated against after complaining about the alleged harassment are like or reasonably related to the allegations in her charge of discrimination. The Court finds that plaintiff Hyster's claim of retaliation are separate and distinct from her claims of sex discrimination. Plaintiff did not check the box for retaliation on her EEOC charge, and the charge does not hint of any adverse employment action taken against her. While the charge did state that Dr. Harrison threatened her job, stating "Dr. Harrison would tell me that the only way I kept my job was because of him," the charge does not allege any adverse or retaliatory action was taken against Ms. Hyster. In fact, the charge does not mention that Ms. Hyster ever reported the alleged harassing behavior to her employer. Ms. Hyster left the "retaliation" box empty on her EEOC charge and did not allege any facts in her narrative to raise the issue of retaliation. Because she did not exhaust her

administrative remedies with respect to her claim of retaliation, plaintiff Hyster has failed to state a claim upon which relief can be granted in Count II of her second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Imagine Schools' motion for partial dismissal is **GRANTED**. [Doc. 109]

**IT IS FURTHER ORDERED** that Count II of plaintiffs' second amended complaint for retaliation in violation of Title VII is **DISMISSED** as to plaintiff Jarvis Nunley and plaintiff Sheila Hyster.

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   18th    day of January, 2011.